UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN ALEXANDER THOMAS,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.
_____/

Case No. 2:17-cv-13984

HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Sean Alexander Thomas is a state inmate currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. He challenges his convictions for the delivery/manufacture of a controlled substance and delivery of a controlled substance causing death on the ground that he was denied his Sixth Amendment right to effective assistance of counsel. Petitioner has not exhausted this claim in state court. Therefore, the Court dismisses the petition for writ of habeas corpus without prejudice.

### II. Background

Petitioner was convicted by a jury in Wayne County Circuit Court on July 14, 2017. On August 17, 2017 he was sentenced to a minimum of ten years and a maximum of twenty years for the delivery/manufacture conviction and a minimum of fifteen years and a maximum of thirty years on the delivery of a controlled substance causing death

conviction. The Wayne County Circuit Court denied a motion for relief from judgment on November 6, 2017. On December 14, 2017, three days after the instant petition was filed, the Wayne County Circuit Court appointed Petitioner counsel for his pending state court appeal.[1]

### III. Discussion

#### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The instant habeas petition contains only an unexhausted claim; therefore, the petition will be dismissed.

---

[1] The Court takes judicial notice of the proceedings in *State of Michigan v. Thomas*, No. 16-010601-01-FC, conducted in the Wayne County Circuit Court. "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) (citations and internal quotation marks omitted).)

## B.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Delisle v. Rivers*, 161 F.3d 370, 381 (6th Cir. 1998). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. It appears that he has not yet raised any claim in the Michigan Court of Appeals. A prisoner is required to comply with this exhaustion requirement as long as there is still a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398,

401 (6th Cir. 2003). In this case, a procedure is available to Petitioner. He may file an appeal in the Michigan Court of Appeals. Mich. Ct. R. 7.104(A)(3). If that motion is denied, he may seek review by the Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 7.305.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. Thus, the Court will dismiss the petition without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

### IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition's single claim is unexhausted. Therefore, the Court will deny a certificate of appealability.

## V. Conclusion

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: DEC 2 1 2017